MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------X
CESAR  GONZALEZ GUZMAN,
JONATHAN HERNANDEZ, MICHAEL
RODRIGUEZ, and SAMUEL LOPEZ
MONTALVO, *individually and on behalf of*
*others similarly situated,*

        *Plaintiffs*,

   -against-

SAN REMOS GROUP ONE, LLC  (D/B/A
SAN REMO CAFE), VAL CITY LOUNGE
LLC  (D/B/A SAN REMO CAFE),
BENJAMIN KOTLER, VALERIY
EVDOKIMOV, EDWARD M BILOWICH,
and ILIAS SARRAS,

        *Defendants.*
------------------------------------------------------X

            **COMPLAINT**

        **COLLECTIVE ACTION UNDER**
     **29 U.S.C. § 216(b) AND RULE 23**
         **CLASS ACTION**
          **ECF Case**

    Plaintiffs Cesar Gonzalez Guzman, Jonathan Hernandez, Michael Rodriguez, and Samuel

Lopez Montalvo, individually and on behalf of others similarly situated (collectively, "Plaintiffs"),

by and through their attorneys, Michael Faillace & Associates, P.C., upon their knowledge and

belief, and as against San Remos Group One, LLC (d/b/a San Remo Cafe), Val City Lounge LLC

(d/b/a San Remo Cafe), ("Defendant Corporations"), Benjamin Kotler, Valeriy Evdokimov,

Edward M Bilowich, and Ilias Sarras, ("Individual Defendants"), (collectively, "Defendants"),

allege as follows:

## NATURE OF ACTION

1.      Plaintiffs are former employees of Defendants San Remos Group One, LLC (d/b/a San Remo Cafe), Val City Lounge LLC (d/b/a San Remo Cafe), Benjamin Kotler, Valeriy Evdokimov, Edward M Bilowich, and Ilias Sarras.

2.       Defendants own, operate, or control a cafe, located at 201 Lafayette Street, New York, New York 10012 under the name "San Remo Cafe."

3.      Upon information and belief, individual Defendants Benjamin Kotler, Valeriy Evdokimov, Edward M Bilowich, and Ilias Sarras, serve or served as owners, managers, principals, or agents of Defendant Corporations and, through these corporate entities, operate or operated the bar as a joint or unified enterprise.

4.      Plaintiffs were employees of Defendants.

5.      Plaintiffs were employed as busboys, barbacks, and a bartender at the café located at 201 Lafayette Street, New York, New York 10012.

6.      Plaintiffs were ostensibly employed as busboys, barbacks, and a bartender. However, they were required to spend a considerable part of their work day performing non-tipped duties, including but not limited to dishwashing, sweeping and mopping, performing tasks of a porter, taking out the garbage, carrying boxes of liquor bottles down to the basement, shopping for items missing in the restaurant, washing cups, cutting fruit, refilling expensive alcohol bottles with cheap alcohol, and cleaning the bathrooms, hereafter the ("non-tipped duties").

7.      At all times relevant to this Complaint, Plaintiffs worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that they worked.

8.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked, failed to pay Plaintiffs appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

9.      Further, Defendants failed to pay Plaintiffs the required "spread of hours" pay for any day in which they had to work over 10 hours a day.

10.     Furthermore, Defendants repeatedly failed to pay Plaintiffs wages on a timely basis.

11.     Defendants employed and accounted for Plaintiffs as busboys, barbacks, and a bartender in their payroll, but in actuality their duties required a significant amount of time spent performing the non-tipped duties alleged above.

12.     Regardless, at all relevant times, Defendants paid Plaintiffs at a rate that was at the lowered tip-credited rate.

13.     However, under both the FLSA and NYLL, Defendants were not entitled to take a tip credit because Plaintiffs' non-tipped duties exceeded 20% of each workday, or 2 hours per day, whichever is less in each day.  12 N.Y. C.R.R. §146.

14.     Upon information and belief, Defendants employed the policy and practice of disguising Plaintiffs' actual duties in payroll records by designating them as busboys, barbacks, and a bartender instead of non-tipped employees. This allowed Defendants to avoid paying Plaintiffs at the minimum wage rate and enabled them to pay them at the lowered tip-credit rate (which they still failed to do).

15.     In addition, Defendants maintained a policy and practice of unlawfully appropriating Plaintiffs' and other tipped employees' tips and made unlawful deductions from these Plaintiffs' and other tipped employees' wages.

16.    Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

17.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

18.    Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

19.    Plaintiffs now bring this action as a class action under Rule 23 and seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

20.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

21.    Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district,

Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a cafe located in this district. Further, Plaintiffs were employed by Defendants in this district.

## PARTIES
*Plaintiffs*

22.     Plaintiff Cesar Gonzalez Guzman ("Plaintiff Guzman" or "Mr. Guzman") is an adult individual residing in Queens County, New York.

23.     Plaintiff Guzman was employed by Defendants at San Remo Cafe from approximately November 8, 2017 until on or about January 14, 2018.

24.     Plaintiff Jonathan Hernandez ("Plaintiff Hernandez" or "Mr. Hernandez") is an adult individual residing in Queens County, New York.

25.     Plaintiff Hernandez was employed by Defendants at San Remo Cafe from approximately November 2017 until on or about January 13, 2018.

26.     Plaintiff Michael Rodriguez ("Plaintiff Rodriguez" or "Mr. Rodriguez") is an adult individual residing in Kings County, New York.

27.     Plaintiff Rodriguez was employed by Defendants at San Remo Cafe from approximately November 2017 until on or about January 13, 2018.

28.     Plaintiff Samuel Lopez Montalvo ("Plaintiff Lopez" or "Mr. Lopez") is an adult individual residing in New York County, New York.

29.     Plaintiff Lopez was employed by Defendants at San Remo Cafe from approximately October 11, 2017 until on or about December 12, 2017.

*Defendants*

30.     At all relevant times, Defendants own, operate, or control a cafe, located at 201 Lafayette Street, New York, New York 10012 under the name "San Remo Cafe."

31.     Upon information and belief, San Remos Group One, LLC (d/b/a San Remo Cafe) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 201 Lafayette Street, New York, New York 10012.

32.     Upon information and belief, Val City Lounge LLC (d/b/a San Remo Cafe) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 201 Lafayette Street, New York, New York 10012.

33.     Defendant Benjamin Kotler is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Benjamin Kotler is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Benjamin Kotler possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

34.     Defendant Valeriy Evdokimov is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Valeriy Evdokimov is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Valeriy Evdokimov possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including

Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

35.     Defendant Edward M Bilowich is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Edward M Bilowich is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Edward M Bilowich possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

36.     Defendant Ilias Sarras is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Ilias Sarras is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Ilias Sarras possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## **FACTUAL ALLEGATIONS**

*Defendants Constitute Joint Employers*

37.     Defendants operate a cafe located in the Lower East Side section of Manhattan in New York City.

38.     Individual Defendants, Benjamin Kotler, Valeriy Evdokimov, Edward M Bilowich, and Ilias Sarras, possess operational control over Defendant Corporations, possess ownership interests in Defendant Corporations, and control significant functions of Defendant Corporations.

39.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

40.     Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

41.     Defendants jointly employed Plaintiffs (and all similarly situated employees) and are Plaintiffs' (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

42.     In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

43.     Upon information and belief, Individual Defendants Benjamin Kotler, Valeriy Evdokimov, Edward M Bilowich, and Ilias Sarras operate Defendant Corporations as either alter egos of themselves and/or fail to operate Defendant Corporations as entities legally separate and apart from themselves, by among other things:

a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

b)  defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c)  transferring assets and debts freely as between all Defendants,

d)  operating Defendant Corporations for their own benefit as the sole or majority shareholders,

e)  operating Defendant Corporations for their own benefit and maintaining control over these corporations as closed Corporations,

f)  intermingling assets and debts of their own with Defendant Corporations,

g)  diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect their own interests, and

h)  Other actions evincing a failure to adhere to the corporate form.

44.     At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiffs' services.

45.     In each year from 2017 to 2018, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

46.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the bar on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiffs*

47.     Plaintiffs are former employees of Defendants who were employed as busboys, barbacks, and a bartender. However, the tipped workers spent 20% of each shift performing the non-tipped duties described above. Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Cesar Gonzalez Guzman*

48.     Plaintiff Guzman was employed by Defendants from approximately November 8, 2017 until on or about January 14, 2018.

49.     Defendants ostensibly employed Plaintiff Guzman as a busboy.

50.     However, Plaintiff Guzman was also required to spend a significant portion of his work day performing the non-tipped duties described above.

51.     Although Plaintiff Guzman ostensibly was employed as a busboy, he spent over 20% of each day performing non-tipped work throughout his employment with Defendants.

52.     Plaintiff Guzman regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

53.     Plaintiff Guzman's work duties required neither discretion nor independent judgment.

54.     Throughout his employment with Defendants, Plaintiff Guzman regularly worked in excess of 40 hours per week.

55.     From approximately November 8, 2017 until on or about November 30, 2017, Plaintiff Guzman worked as a busboy from approximately 10:00 p.m. until on or about 7:00 a.m., five days a week (typically 45 hours per week).

56.     From approximately December 1, 2017 until on or about December 30, 2017, Plaintiff Guzman worked as a busboy from approximately 5:00 p.m. until on or about 1:00 a.m., three days a week and from approximately 5:00 p.m. until on or about 4:00 a.m., two days a week (typically 46 hours per week).

57.     From approximately January 1, 2018 until on or about January 14, 2018, Plaintiff Guzman worked as a busboy from approximately 5:00 p.m. until on or about 1:00 a.m., two days a week (typically 16 hours per week).

58.     Throughout his entire employment, Defendants paid Plaintiff Guzman his wages by personal check.

59.     From approximately November 8, 2017 until on or about December 31, 2017, Defendants paid Plaintiff Guzman $15.00 per hour.

60.     However, Defendants paid Plaintiff Guzman approximately $100 for the first three weeks of his employment.

61.     From approximately January 1, 2018 until on or about January 14, 2018, Defendants paid Plaintiff Guzman $10.00 per hour.

62.     For approximately three weeks in November 2017, Defendants did not pay Plaintiff Guzman any wages for his work.

63.     Defendants never granted Plaintiff Guzman any breaks or meal periods of any kind.

64.     Plaintiff Guzman was never notified by Defendants that his tips were being included as an offset for wages.

65.     Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Guzman's wages.

66.     Defendants withheld a portion of Plaintiff Guzman's tips; specifically, Defendants pocketed all of his tips from approximately November 8, 2017 until on or about November 30, 2017 and Defendants pocketed a portion of his earned tips after that.

67.    In addition, Plaintiff Guzman was supposed to get $4 per reservation but he only got $4 for a reservation of more than one person when he should have received $4 for each person in the reservation.

68.    Plaintiff Guzman was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

69.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Guzman regarding overtime and wages under the FLSA and NYLL.

70.    Defendants did not provide Plaintiff Guzman an accurate statement of wages, as required by NYLL 195(3).

71.    Defendants did not give any notice to Plaintiff Guzman, in English and in Spanish (Plaintiff Guzman's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Plaintiff Jonathan Hernandez*

72.    Plaintiff Hernandez was employed by Defendants from approximately November 2017 until on or about January 13, 2018.

73.    Defendants ostensibly employed Plaintiff Hernandez as a bartender and a barback.

74.    However, Plaintiff Hernandez was also required to spend a significant portion of his work day performing the non-tipped duties described above.

75.    Although Plaintiff Hernandez ostensibly was employed as a bartender and a barback, he spent over 20% of each day performing non-tipped work throughout his employment with Defendants.

76.    Plaintiff Hernandez regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

77.    Plaintiff Hernandez's work duties required neither discretion nor independent judgment.

78.    Throughout his employment with Defendants, Plaintiff Hernandez regularly worked in excess of 40 hours per week.

79.    From approximately November 2017 until on or about December 2017, Plaintiff Hernandez worked as a bartender and a barback from approximately 4:00 p.m. until on or about 5:00 a.m., two days a week and from approximately 4:00 p.m. until on or about 3:00 a.m., three days a week (typically 59 hours per week).

80.    From approximately January 1, 2018 until on or about January 13, 2018, Plaintiff Hernandez worked as a bartender and a barback from approximately 5:00 p.m. until on or about 1:00 a.m., Fridays and from approximately 5:00 p.m. until on or about 12:00 a.m., Saturdays (typically 15 hours per week).

81.    Throughout his entire employment, Defendants paid Plaintiff Hernandez his wages by personal check.

82.    From approximately November 2017 until on or about December 2017, Defendants paid Plaintiff Hernandez $7.50 per hour.

83.    From approximately January 1, 2018 until on or about January 13, 2018, Defendants paid Plaintiff Hernandez a fixed salary of $65 per shift.

84.    For approximately two weeks in November 2017, Defendants did not pay Plaintiff Hernandez any wages for his work.

85.    Plaintiff Hernandez's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

86.    For example, Defendants required Plaintiff Hernandez to work an additional 2 hours after his scheduled departure time two days a week, and did not pay him for the additional time he worked.

87.    Defendants never granted Plaintiff Hernandez any breaks or meal periods of any kind.

88.    Plaintiff Hernandez was never notified by Defendants that his tips were being included as an offset for wages.

89.    Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Hernandez's wages.

90.    Defendants withheld a portion of Plaintiff Hernandez's tips; specifically, Plaintiff Hernandez was supposed to get $4 per reservation but he only got $4 for a reservation of more than one person when he should have received $4 for each person in the reservation.

91.    Plaintiff Hernandez was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

92.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Hernandez regarding overtime and wages under the FLSA and NYLL.

93.    Defendants did not provide Plaintiff Hernandez an accurate statement of wages, as required by NYLL 195(3).

94.    Defendants did not give any notice to Plaintiff Hernandez, in English and in Spanish (Plaintiff Hernandez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Plaintiff Michael Rodriguez*

95.    Plaintiff Rodriguez was employed by Defendants from approximately November 2017 until on or about January 13, 2018.

96.    Defendants ostensibly employed Plaintiff Rodriguez as a barback.

97.    However, Plaintiff Rodriguez was also required to spend a significant portion of his work day performing the non-tipped duties described above.

98.    Although Plaintiff Rodriguez ostensibly was employed as a barback, he spent over 20% of each day performing non-tipped work throughout his employment with Defendants.

99.    Plaintiff Rodriguez regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

100.    Plaintiff Rodriguez's work duties required neither discretion nor independent judgment.

101.    Throughout his employment with Defendants, Plaintiff Rodriguez regularly worked in excess of 40 hours per week.

102.    From approximately November 2017 until on or about December 14, 2017, Plaintiff Rodriguez worked as a barback from approximately 4:00 p.m. until on or about 3:00 a.m., three days a week and from approximately 4:00 p.m. until on or about 5:00 a.m., two days a week (typically 59 hours per week).

103.    From approximately December 15, 2018 until on or about December 31, 2017, Plaintiff Rodriguez worked as a barback from approximately 5:00 p.m. until on or about 1:00 a.m., Wednesdays through Sundays (typically 40 hours per week).

104.    From approximately January 1, 2018 until on or about January 13, 2018, Plaintiff Rodriguez worked as a barback from approximately 5:00 p.m. until on or about 1:00 a.m., Fridays

and from approximately 5:00 p.m. until on or about 12:00 a.m., Saturdays (typically 15 hours per week).

105.    Throughout his entire employment, Defendants paid Plaintiff Rodriguez his wages by personal check.

106.    From approximately November 2017 until on or about December 14, 2017, Defendants paid Plaintiff Rodriguez $7.50 per hour.

107.    From approximately December 15, 2017 until on or about January 13, 2018, Defendants paid Plaintiff Rodriguez a fixed salary of $65 per shift.

108.    For approximately a month, Defendants did not pay Plaintiff Rodriguez any wages for his work.

109.    Plaintiff Rodriguez's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

110.    For example, Defendants required Plaintiff Rodriguez to work an additional 2 hours after his scheduled departure time two days a week, and did not pay him for the additional time he worked.

111.    Defendants never granted Plaintiff Rodriguez any breaks or meal periods of any kind.

112.    Plaintiff Rodriguez was never notified by Defendants that his tips were being included as an offset for wages.

113.    Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Rodriguez's wages.

114.    Defendants withheld a portion of Plaintiff Rodriguez's tips; specifically, Defendants pocketed a portion of his tips.

- 16 -

115.    In addition, from approximately January 1, 2018 until on or about January 13, 2018, Defendants pocketed all of Plaintiff Rodriguez's tips.

116.    Plaintiff Rodriguez was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

117.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Rodriguez regarding overtime and wages under the FLSA and NYLL.

118.    Defendants did not provide Plaintiff Rodriguez an accurate statement of wages, as required by NYLL 195(3).

119.    Defendants did not give any notice to Plaintiff Rodriguez, in English and in Spanish (Plaintiff Rodriguez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Plaintiff Samuel Lopez Montalvo*

120.    Plaintiff Lopez was employed by Defendants from approximately October 11, 2017 until on or about December 12, 2017.

121.    Defendants ostensibly employed Plaintiff Lopez as a barback and busboy.

122.    However, Plaintiff Lopez was also required to spend a significant portion of his work day performing the non-tipped duties described above.

123.    Although Plaintiff Lopez ostensibly was employed as a barback and busboy, he spent over 20% of each day performing non-tipped work throughout his employment with Defendants.

124.    Plaintiff Lopez regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

125.    Plaintiff Lopez's work duties required neither discretion nor independent judgment.

126.    Throughout his employment with Defendants, Plaintiff Lopez regularly worked in excess of 40 hours per week.

127.    From approximately October 11, 2017 until on or about December 12, 2017, Plaintiff Lopez worked as a barback and busboy from approximately 4:00 p.m. until on or about 5:00 p.m., two days a week and from approximately 4:00 p.m. until on or about 5:30 p.m., two days a week (typically 53 hours per week).

128.    Throughout his entire employment, Defendants paid Plaintiff Lopez his wages by personal check.

129.    From approximately October 11, 2017 until on or about December 12, 2017, Defendants paid Plaintiff Lopez $7.50 per hour.

130.    For approximately three weeks, Defendants did not pay Plaintiff Lopez any wages for his work.

131.    Plaintiff Lopez's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

132.    For example, Defendants required Plaintiff Lopez to work an additional 30 minutes after his scheduled departure time two days a week, and did not pay him for the additional time he worked.

133.    Defendants never granted Plaintiff Lopez any breaks or meal periods of any kind.

134.    Plaintiff Lopez was never notified by Defendants that his tips were being included as an offset for wages.

135.    Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Lopez's wages.

136.    Defendants withheld a portion of Plaintiff Lopez's tips; specifically, Defendants pocketed a portion of his tips.

137.    Plaintiff Lopez was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

138.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Lopez regarding overtime and wages under the FLSA and NYLL.

139.    Defendants did not provide Plaintiff Lopez an accurate statement of wages, as required by NYLL 195(3).

140.    In addition, Defendants sometimes required Plaintiff Lopez to sign a document that he was not allowed to read.

141.    Defendants did not give any notice to Plaintiff Lopez, in English and in Spanish (Plaintiff Lopez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

142.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work in excess of 40 hours a week without paying them appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

143.    Plaintiffs were victims of Defendants' common policy and practices which violate their rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages they were owed for the hours they worked.

- 19 -

144.    Defendants' pay practices resulted in Plaintiffs not receiving payment for all their hours worked, and resulting in Plaintiffs' effective rate of pay falling below the required minimum wage rate.

145.    Defendants habitually required Plaintiffs to work additional hours beyond their regular shifts but did not provide them with any additional compensation.

146.    Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

147.    Defendants required all busboys, barbacks, and bartenders to perform general non-tipped tasks in addition to their primary duties as busboys, barbacks, and bartenders. These Plaintiffs and all similarly situated employees, ostensibly were employed as tipped employees by Defendants, although their actual duties included a significant amount of time spent performing non-tipped duties.

148.    These Plaintiffs and all other tipped workers were paid at a rate that was at the lower tip-credit rate by Defendants.

149.    However, under state law, Defendants were not entitled to a tip credit because the tipped worker's and these Plaintiffs' non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever is less) (12 N.Y.C.R.R. § 146).

150.    New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he or she has been assigned to work in an occupation in which tips are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

151.    The busboys, barbacks, and bartenders' duties were not incidental to their occupation as tipped workers, but instead constituted entirely unrelated general bar work with duties, including the non-tipped duties described above.

152.    In violation of federal and state law as codified above, Defendants classified these Plaintiffs and other tipped workers as tipped employees, and paid them at a rate that was at the lower tip-credit rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

153.    Defendants failed to inform Plaintiffs who received tips that Defendants intended to take a deduction against Plaintiffs' earned wages for tip income, as required by the NYLL before any deduction may be taken.

154.    Defendants failed to inform Plaintiffs who received tips, that their tips were being credited towards the payment of the minimum wage.

155.    Defendants failed to maintain a record of tips earned by Plaintiffs who worked as busboys, barbacks, and bartenders for the tips they received.

156.    As part of its regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiffs who received tips, by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL. This policy and pattern or practice included depriving busboys, barbacks, and a bartenders a portion of the tips earned during the course of employment.

157.    Defendants unlawfully misappropriated charges purported to be gratuities received by tipped Plaintiffs, and other tipped employees, in violation of New York Labor Law § 196-d (2007).

158.    Under the FLSA and NYLL, in order to be eligible for a "tip credit," employers of tipped employees must either allow employees to keep all the tips that they receive, or forgo the tip credit and pay them the full hourly minimum wage.

159.    Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

160.    Defendants failed to pay Plaintiffs any earned wages for extended periods of time.

161.    When they were paid, Plaintiffs were paid their wages by personal checks.

162.    Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

163.    Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for their full hours worked.

164.    Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

165.    Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated former workers.

166.    Defendants failed to provide Plaintiffs  and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece,

commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

167.    Defendants failed to provide Plaintiffs and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

168.    Plaintiffs bring their FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA and Rule 23 Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA and Rule 23 Class Period").

169.    At all relevant times, Plaintiffs and other members of the FLSA and Rule 23 Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records required by the FLSA.

170.     The claims of Plaintiffs stated herein are similar to those of the other employees.

## FEDERAL RULE 23 CLASS ACTION ALLEGATIONS

171.     Plaintiffs sue on their own behalf and on behalf of a class of persons similarly situated under Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

172.     Plaintiffs bring their New York Labor Law minimum wage, overtime, spread-of-hours, wage deduction, and liquidated damages claims on behalf of all persons who are or were employed by Defendants in the State of New York, on or after the date that is six years before the filing of the complaint in this case, to entry of judgment in this case (the "Class Period"). All said persons, including Plaintiffs, are referred to herein as the "Class."

173.     The persons in the Class are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and facts on which the calculation of that number are presently within the sole control of Defendants, there are approximately over sixty members of the Class during the Class Period.

174.     There are questions of law and fact common to the Class including:

a)  What proof of hours worked is sufficient where Defendants fail in their duty to maintain time records;

b)  What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of wages for all hours worked;

c)  What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of at least minimum wages for all hours worked;

d)  Whether Defendants failed and/or refused to pay Plaintiffs the minimum wage and overtime at the premium rate within the meaning of the New York Labor Law;

e)  Whether Defendants failed and/or refused to pay Plaintiffs "Spread of Hours" Pay;

      f)   Whether Defendants improperly deducted "shorts" from the Plaintiffs' wages;

      g)   At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay the class members for their work; and

      h)   What are the common conditions of employment and in the workplace, such as recordkeeping, clock-in procedures, breaks, and policies and practices that affect whether the class was paid at overtime rates for minimum wage and overtime work.

175.    The claims of the representative parties are typical of the claims of the class. Plaintiffs and the other class members were subjected to Defendants' policies, practices, programs, procedures, protocols and plans alleged herein concerning non-payment of overtime, non-payment of wages, and failure to keep required records. The job duties of the named Plaintiffs were and are typical of those of class members.

176.    The representative parties will fairly and adequately protect the interests of the Class and have no interests antagonistic to the class. The Named Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation.

177.    The common questions of law and fact predominate over questions affecting only individual members.

178.    A class action is superior to other available methods for fairly and efficiently adjudicating controversy, particularly in the context of wage and hour litigation, where individual plaintiffs lack the financial resources to prosecute a lawsuit in federal court against corporate defendants vigorously. The damages suffered by individual class members are small, compared to the expense and burden of individual prosecution of this litigation. Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

179.     Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

180.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

181.     At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiffs (and the FLSA and Rule 23 Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

182.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

183.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

184.     Defendants failed to pay Plaintiffs (and the FLSA and Rule 23 Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

185.     Defendants' failure to pay Plaintiffs (and the FLSA and Rule 23 Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

186.     In violation of 29 U.S.C. § 206(a), Defendants failed to pay Plaintiffs (and the FLSA and Rule 23 Class members) at the applicable minimum hourly rate.

187.     Defendants' failure to pay Plaintiffs (and the FLSA and Rule 23 Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

188.    Plaintiffs (and the FLSA and Rule 23 Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

189.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

190.    At all times relevant to this action, Defendants were Plaintiff s' employers (and employers of the putative FLSA and Rule 23 Class members) within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiffs (and the FLSA and Rule 23 Class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

191.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

192.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203 (r-s).

193.    Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiffs (and the FLSA and Rule 23 Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

194.    Defendants' failure to pay Plaintiffs (and the FLSA and Rule 23 Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

195.    Plaintiffs (and the FLSA and Rule 23 Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

196.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

197.    At all times relevant to this action, Defendants were Plaintiffs' (and the FLSA and Rule 23 class members') employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of their employment, and determined the rates and methods of any compensation in exchange for their employment.

198.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiffs (and the FLSA and Rule 23 class members)less than the minimum wage.

199.    Defendants' failure to pay Plaintiffs (and the FLSA and Rule 23 class members') the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

200.    Plaintiffs (and the FLSA and Rule 23 class members) were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

201.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

202.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiffs(and the FLSA and Rule 23 class members') overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

203.    Defendants' failure to pay Plaintiffs (and the FLSA and Rule 23 class members') overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

204.    Plaintiffs (and the FLSA and Rule 23 class members) were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

### OF THE NEW YORK COMMISSIONER OF LABOR

205.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

206.    Defendants failed to pay Plaintiffs(and the FLSA and Rule 23 class members) one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

207.    Defendants' failure to pay Plaintiffs(and the FLSA and Rule 23 class members') an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

208.    Plaintiffs (and the FLSA and Rule 23 class members) were damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING

### REQUIREMENTS OF THE NEW YORK LABOR LAW

209.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

210.    Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by

the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

211.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

212.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

213.    With each payment of wages, Defendants failed to provide Plaintiffs with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

214.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION

### UNLAWFUL DEDUCTIONS FROM TIPS IN VIOLATION

### OF THE NEW YORK LABOR LAW

215.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

216.    At all relevant times, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

217.    New York State Labor Law § 196-d prohibits any employer or his agents, including owners and managers, from demanding or accepting, directly or indirectly, any part of the gratuities received by an employee, or retaining any part of a gratuity, or any charge purported to be a gratuity, for an employee.

218.    Defendants unlawfully misappropriated a portion of Plaintiffs' tips that were received from customers.

219.    Defendants knowingly and intentionally retained a portion of Plaintiffs' tips in violations of the NYLL and supporting Department of Labor Regulations.

220.    Plaintiffs (and the FLSA and Rule 23 class members) were damaged in an amount to be determined at trial.

## NINTH CAUSE OF ACTION

## VIOLATION OF THE TIMELY PAYMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

221.    Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

222.    Defendants did not pay Plaintiffs on a regular weekly basis, in violation of NYLL §191.

223.    Defendants are liable to each Plaintiff in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA and Rule 23 Class members;

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA and Rule 23 Class members;

(d)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' and the FLSA and Rule 23 Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiffs and the FLSA and Rule 23 Class members;

(f)     Awarding Plaintiffs and the FLSA and Rule 23 Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiffs and the FLSA and Rule 23 Class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs and the FLSA and Rule 23 Class members;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs and the FLSA and Rule 23 Class members;

(j)     Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiffs and the FLSA and Rule 23 Class members;

(k)     Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiffs and members of the FLSA and Rule 23 Class;

(l)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs' and members of the FLSA and Rule 23 Class compensation, hours, wages and any deductions or credits taken against wages;

(m)     Awarding Plaintiffs and members of the FLSA and Rule 23 Class damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(n)     Awarding Plaintiffs and members of the FLSA and Rule 23 Class damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o)     Awarding Plaintiffs and members of the FLSA and Rule 23 Class liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(p)    Awarding Plaintiffs and the FLSA and Rule 23 Class members pre-judgment and post-judgment interest as applicable;

(q)    Awarding Plaintiffs and the FLSA and Rule 23 Class members the expenses incurred in this action, including costs and attorneys' fees;

(r)    Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(s)    All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated: New York, New York
      February 16, 2018

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:      /s/ Michael Faillace
         Michael Faillace [MF-8436]
         60 East 42nd Street, Suite 4510
         New York, New York 10165
         Telephone: (212) 317-1200
         Facsimile: (212) 317-1620
         *Attorneys for Plaintiffs*

# Michael Faillace & Associates, P.C.
### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

———————

Faillace@employmentcompliance.com

February 9, 2018

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                      Cesar Gonzalez Guzman

Legal Representative / Abogado:     Michael Faillace & Associates, P.C.

Signature / Firma:                  _____

Date / Fecha:                       9 de febrero 2018_____

*Certified as a minority-owned business in the State of New York*

# Michael Faillace & Associates, P.C.
### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

———

Faillace@employmentcompliance.com

January 17, 2018

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                     Jonathan  Hernandez

Legal Representative / Abogado:     Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                      17 de enero 2018

*Certified as a minority-owned business in the State of New York*

# Michael Faillace & Associates, P.C.
### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

BY HAND

January 19, 2018

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                     Michael  Rodriguez

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                      19 de enero 2018

*Certified as a minority-owned business in the State of New York*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

_____

Faillace@employmentcompliance.com

January 17, 2018

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Samuel Lopez  Montalvo

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                    17 de Enero 2018