# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

| | |
|---|---|
| 60 East 42nd Street, Suite 4510 | Telephone: (212) 317-1200 |
| New York, New York 10165 | Facsimile: (212) 317-1620 |

February 12, 2019

**VIA ECF**

Hon. William H. Pauley, III
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

             Re:  *Gonzalez Guzman et al. v. San Remos Group One, LLC et al.*
                Case No. 18-cv-01446-WHP

Your Honor:

  This office represents Plaintiffs Cesar Gonzalez Guzman, Jonathan Hernandez, Michael Rodriguez, and Samuel Lopez Montalvo ("Plaintiffs") in the above-referenced matter. We submit this letter, together with Defendants' counsel, to respectfully request that the Court approve the settlement reached between Plaintiffs and Defendants San Remo Café, Benjamin Kotler, and Edward M. Bilowich (the "Defendants") and together with Plaintiffs, the "Settling Parties").[1]

  Plaintiffs brought this action seeking to recover unpaid minimum wages, overtime wages, spread of hours, liquidated damages, interest, attorneys' fees, and costs, pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq*. ("FLSA"), the New York Minimum Wage Act, N.Y. Lab. Law §§ 650, *et seq*., and overtime wage orders of the New York Commission of Labor codified at N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.6.

  Defendants' Answer denied all of Plaintiffs' allegations of unlawful practices and policies. Defendants also maintain that through objective evidence and witness testimony, they would be able to prevail on their defenses.

  Nevertheless, the parties agreed on the settlement amount of $16,000 in order to avoid potentially significant and unanticipated burdens and expenses in establishing their respective positions through a trial.

  The Settling Parties have agreed to a negotiated Settlement Agreement (the "Agreement") after extensive discussions. The proposed Agreement is attached hereto as **Exhibit A.** We therefore ask the Court to approve the settlement, pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015).

---

[1] While named defendant Ilias Sarras has not appeared in this action, this Settlement Agreement would also discontinue the action as against him.

Hon. William H. Pauley, III
February 12, 2019
Page 2 of 6

Plaintiffs represent to the Court that while the Plaintiffs believe that the settlement amount is less than what they would be entitled to if they prevailed at trial, the settlement is nevertheless fair, as discussed herein.

Defendants believe that if they went to trial, they would be vindicated and deny all of Plaintiffs claims. Defendants further maintain that they were not the employer of Plaintiffs when the purported wage and hour violations took place. Rather than engage in the risk and expense of litigation, Defendants believed it was best to settle. Further, while named defendant Ilias Sarras has not appeared in this action, this Settlement Agreement would also discontinue the action as against him.

## Background

### Plaintiff Cesar Gonzalez Guzman

**Plaintiffs' Position**

Plaintiff Cesar Gonzalez Guzman ("Plaintiff Guzman") worked for Defendants as a busboy from approximately November 8, 2017 until on or about January 14, 2018. Throughout Plaintiff Guzman's employment, he typically worked 45 to 46 hours per week and was paid $10.00 to $15.00 per hour; however, for three weeks in November 2017, Defendants did not pay Plaintiff Guzman any wages for his hours worked. Defendants did not provide Plaintiff Guzman with accurate wage statements with each payment of wages, as required by NYLL §195(3), nor did they provide him with a wage notice any time throughout his employment, as required by NYLL §195(1).

**Defendants' Position**

Defendants deny all wage and hour claims as it relates to Guzman's employment with Defendants.

**Plaintiffs' Position**

### Plaintiff Jonathan Hernandez

Plaintiff Jonathan Hernandez ("Plaintiff Hernandez") worked for Defendants as a bartender and barback from approximately November 2017 until on or about January 13, 2018. Throughout Plaintiff Hernandez's employment, he typically worked 59 hours per week and was paid $7.50 per hour; however, from January 1, 2018 until the end of Plaintiff Hernandez's employment, Defendants paid him a fixed salary of $65.00 per shift. Additionally, for two weeks in November 2017, Defendants did not pay Plaintiff Hernandez any wages for his work. Defendants did not provide Plaintiff Hernandez with accurate wage statements with each payment of wages, as required by NYLL §195(3), nor did they provide him with a wage notice any time throughout his employment, as required by NYLL §195(1).

**Defendants' Position**

Defendants deny all wage and hour claims as it relates to Hernandez's employment with Defendants.

**Plaintiff Michael Rodriguez**

Plaintiff Michael Rodriguez ("Plaintiff Rodriguez") worked for Defendants as a barback from approximately November 2017 until on or about January 13, 2018. Throughout Plaintiff Rodriguez's employment, he typically worked 40 to 59 hours per week and was paid $7.50 per hour, except from December 15, 2017 until on or about January 13,2 018, when Defendants paid him a fixed salary of $65.00 per shift. For approximately a month, Defendants did not pay Plaintiff Rodriguez any wages whatsoever for his work. Defendants did not provide Plaintiff Rodriguez with accurate wage statements with each payment of wages, as required by NYLL §195(3), nor did they provide him with a wage notice any time throughout his employment, as required by NYLL §195(1).

**Defendants' Position**

Defendants deny all wage and hour claims as it relates to Rodriguez's employment with Defendants.

**Plaintiff Samuel Lopez Montalvo**

Plaintiff Samuel Lopez Montalvo ("Plaintiff Lopez") worked for Defendants as a barback and busboy from approximately October 11, 2017 until on or about December 12, 2017. Throughout Plaintiff Lopez's employment, he typically worked 53 hours per week and was paid $7.50 per hour; however, for approximately three weeks, Defendants did not pay Plaintiff Lopez any wages for his work. Defendants did not provide Plaintiff Rodriguez with accurate wage statements with each payment of wages, as required by NYLL §195(3), nor did they provide him with a wage notice any time throughout his employment, as required by NYLL §195(1).

**Defendants' Position**

Defendants deny all wage and hour claims as it relates to Montalvo's employment with Defendants.

**Settlement**

The Settling Parties have agreed to resolve this action for the total sum of $16,000.00 which will be paid as outlined in **Exhibit A**. Plaintiffs allege they are entitled to back wages of approximately $8,700.50. Plaintiffs estimate that had they recovered in full for their claims, they would be entitled to approximately $61,151.11, which represents calculated actual damages, penalties, and interest, but excludes attorneys' fees and costs. The parties have agreed to settle this

Hon. William H. Pauley, III
February 12, 2019
Page 4 of 6

action for the total sum of $16,000, to be paid over a period of ten months. A copy of Plaintiffs' damages chart, breaking down each amount sought from Defendants, is attached as "**Exhibit B**."

The full sum of the settlement amount will be paid to Plaintiffs' attorneys, who will be responsible for distributing the settlement amount to the Plaintiffs directly after deductions of counsel fees and costs, as outlined in attached affidavits from Plaintiffs.

There is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F.Supp.2d 362, 365 (S.D.N.Y. 2013) (*quoting* Crabtree v. Volkert, Inc., 2013 WL 593500, at *3 (S.D.Ala. Feb. 14, 2013)). "In considering whether a settlement is fair and reasonable, the principal question is 'whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Id.* (*quoting* Le v. SITA Info. Networking Computing USA, Inc., 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008)). Courts consider factors including "(1) the Plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." Wolinsky, 900 F.Supp.2d at 225 (*quoting* Medley v. Am. Cancer Soc., No. 10-cv-3214 (BSJ), 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).

The agreement here is fair to the Plaintiffs. Plaintiffs have been represented by counsel throughout this lawsuit and have made an informed decision to settle the action prior to trial, without incurring further costs or encumbrance of trial. The Sixteen Thousand Dollars ($16,000.00) that Plaintiffs will be receiving accounts for any alleged unpaid minimum and overtime wages that they could have potentially recovered at trial, as well as attorneys' fees. Furthermore, the Agreement is the product of arm's-length bargaining between experienced counsel and there is no possibility of fraud or collusion.

### **Plaintiffs' Attorneys' Fees are Fair and Reasonable**

Under the settlement, Plaintiffs' counsel will receive $5,333.33, one third of the settlement amount and slightly less than their lodestar amount. This represents a reduction in fees from what is identified in the Plaintiffs' retainer agreements, which provides that forty percent of the Plaintiffs' recovery will be retained by the firm.

The amount provided to the Plaintiffs' counsel under the settlement is fair and reasonable as it is consistent with the range of fees typically awarded in cases in this Circuit. *See* Castaneda v. My Belly's Playlist LLC, No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); *see also* Calle v. Elite Specialty Coatings Plus, Inc., 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit"). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiffs' requested award is reasonable. *See* Alleyne v. Time

Hon. William H. Pauley, III
February 12, 2019
Page 5 of 6

Moving & Storage Inc., 264 F.R.D. at 60; *see also* McDaniel v. Cnty. of Schenectady, 595 F.3d 411, 417 (2d Cir. 2010).

Given Plaintiffs' counsel's significant experience representing plaintiffs in New York City in wage and hour litigation, Plaintiffs' counsel was able to obtain a favorable pre-trial result due to the Settling Parties' cooperative exchange of information and frequent negotiations.

Attached hereto as **Exhibit C**, are Plaintiffs' attorneys' time records. A brief biography of each attorney who performed billed work in this matter is as follows:

Mr. Faillace is the Managing Member of Michael Faillace & Associates, P.C, and has been in practice since 1983. From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM). Mr. Faillace taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law. He also is the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations.

Haleigh Amant was an associate at Michael Faillace & Associates, P.C., and billed at the rate of $250 per hour. She graduated from George Washington University Law School in 2017. Following law school, she practiced as an associate with the law firm of Borrelli & Associates, PLLC, with a focus on employment litigation. She joined the firm of Michael Faillace & Associates, P.C in 2018.

Paul Hershan is an associate at Michael Faillace & Associates, P.C. He graduated from Fordham University School of Law in 2012. Following law school, he gained extensive trial and appellate litigation experience in the field of criminal law. Paul served as an Assistant District Attorney with the Bronx County District Attorney's Office for three years, then practiced primarily in the area of criminal defense before joining Michael Faillace & Associates, P.C. in April of 2018.

The requested attorneys' fees and costs in the parties' settlement are reasonable under the circumstances and Plaintiffs have agreed to these fees and costs by agreeing to the settlement amount. As a result, the fees should be approved.

**Conclusion**

Plaintiffs have been represented by counsel throughout this lawsuit, and Plaintiffs' counsel has agreed to the settlement amount based on the approval of his client. Plaintiffs' interests have thus been adequately safeguarded.

In full consideration of the issues presented in *Cheeks,* we believe that the Settling Parties' agreement is fair and reasonable, and that the settlement should be approved. A Stipulation of

Hon. William H. Pauley, III
February 12, 2019
Page 6 of 6

Final Dismissal will be filed for so-ordering after execution of the agreement and upon receipt of confirmation from the Court that the settlement has been approved.

    Thank you for your consideration in this matter.

    Respectfully Submitted,

    /s/ Michael Faillace
    Michael Faillace, Esq.
    Michael Faillace & Associates, P.C.
    *Attorneys for Plaintiff*

cc:    Jacob Aronauer, Esq. (via ECF)
        *Attorneys for Defendants*